## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 18 2019, 9:12 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Charles W. Lahey
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justice K. Kiama,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 18, 2019

Court of Appeals Case No.
18A-CR-1809

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1712-F6-1133

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Justice Kiama (Kiama), appeals following his conviction for residential entry as a Level 6 felony, Ind. Code § 35-43-2-1.5.

We affirm.

# ISSUE

Kiama presents one issue on appeal, which we restate as: Whether the trial court abused its discretion when it refused his tendered instruction on criminal trespass as a lesser-included offense of residential entry.

# FACTS AND PROCEDURAL HISTORY

Kiama and Moses Mutheme (Mutheme) were long-time friends who had lived together on and off over the course of their friendship. On December 5, 2017, Kiama and Mutheme were involved in a physical altercation at Mutheme's house on Huey Street in South Bend, Indiana, during which Kiama was ejected from the premises. As a result of this altercation, Kiama required stitches to close a wound on his face.

On December 8, 2017, Kiama and a second man went to Mutheme's home. Kiama walked onto the porch of Mutheme's home while the second man waited at the gate. Kiama knocked on the door, but no one answered. Kiama was observed by a neighbor bending down to pick up an object from the porch with which he broke a large picture window located next to the front door. Kiama then crawled inside the window. The interior of the windows of

Mutheme's home had been winterized with plastic coverings. As Kiama crawled through the window, he pierced the plastic covering to gain entry. A short time later, Kiama exited through Mutheme's front door and walked to the street corner with the second man. The neighbor who had witnessed these events alerted the authorities, who arrived and arrested Kiama.

[6] On December 11, 2017, the State filed an Information, charging Kiama with Level 6 felony residential entry. On April 30, 2018, the trial court held Kiama's jury trial. Before the trial commenced Kiama tendered a jury instruction on criminal trespass as a lesser-included offense of residential entry. Kiama testified that he had knocked on the window of Mutheme's home because he got no response after knocking on the door. According to Kiama, the window shattered when he rapped on it with his hand. Kiama did not note the condition of the window before he knocked on it. Kiama testified that he then became concerned for Mutheme's welfare and crawled through the window to check on him. Kiama also testified that he spotted some of his own property in the home and took it with him when he left.

[7] Kiama attempted to develop a theory that the glass of the picture window was weakened by bullet holes, making it susceptible to breaking when he simply rapped on the window. Mutheme's landlord testified that there were bullet holes in other windows of the home but not in the plate glass window that Kiama broke. An officer testified that even if plate glass is hit by a bullet, it does not weaken the glass such that it would shatter if touched lightly in the manner that safety glass does. After the close of evidence, the trial court

rejected Kiama's proposed criminal trespass instruction, finding that the breaking and entering elements were not in dispute. The jury found Kiama guilty of residential entry. On May 18, 2018, the trial court sentenced Kiama to two years, all of which was credited to time served and the remainder suspended to probation.

[8] Kiama now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Kiama contends that the trial court "erred" in refusing to instruct the jury on criminal trespass as a factually-included, lesser offense of residential entry. (Appellant's Br. p. 8). When a defendant requests a jury instruction on a lesser-included offense, the trial court must engage in the three-step analysis set forth in *Wright v. State*, 658 N.E.2d 563 (Ind. 1995). First, the trial court must determine if the allegedly lesser-included offense is inherently included by comparing the statutory elements of the offenses to determine if the proposed lesser-included offense may be proven by the same, or fewer, material elements of the originally-charged, greater offense. *Id*. at 566. If the offense is not inherently included in the charged crime, the trial court must then determine if the offense is factually included by comparing the statutory elements of the proposed lesser-included offense and the charging instrument to determine if the "charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser[-]included offense." *Id*. at 567. If the allegedly lesser-included offense is either inherently or factually included in the greater offense, the trial court goes on to consider if

there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if, in view of this dispute, a jury could conclude that the lesser offense was committed but not the greater . . . .

*Id*.

[10] When determining if a serious evidentiary dispute exists, the trial court examines the evidence presented by both parties regarding the element which distinguishes the greater offense from the lesser offense. *Young v. State*, 699 N.E.2d 252, 255 (Ind. 1998). "This involves evaluating the 'weight and credibility of [the] evidence,' and then determining the 'seriousness of any resulting dispute.'" *Leonard v. State*, 80 N.E.3d 878, 885 (Ind. 2017) (quoting *Fish v. State*, 710 N.E.2d 183, 185 (Ind. 1999)). We review a trial court's determination that no serious evidentiary dispute exists for an abuse of discretion. *Id*. We accord "considerable deference" to the trial court's determination, viewing the evidence in a light most favorable to it, and determine whether the trial court's decision can be justified in light of the evidence and circumstances of the case. *Id*. (quoting *Fish*, 710 N.E.2d at 185).

[11] Here, the parties correctly agree that criminal trespass was not an inherently-included offense. *See Higgins v. State*, 783 N.E.2d 1180, 1187-88 (Ind. Ct. App. 2003) (concluding that criminal trespass must by proven by elements not found in the offense of residential entry), *trans. denied*. However, the State charged Kiama with residential entry by alleging that he "did knowingly break and enter the dwelling of [] [Mutheme]." (Appellant's App. Vol. II, p. 101). Criminal

trespass is committed when a person, not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another without consent. I.C. § 35-43-2-2(b)(5)(B). As charged in this case, the means alleged to accomplish the residential entry comprised all of the elements of criminal trespass, making criminal trespass a factually-included lesser offense. *Wright*, 658 N.E.2d at 567; *see also Higgins*, 783 N.E.2d at 1188-89 (holding that criminal trespass was a lesser-included offense where residential entry information alleged that defendant did knowingly break and enter a dwelling). Because criminal trespass was a factually-included lesser offense of residential entry as charged in this case, we must determine if a serious evidentiary dispute existed as to the element that Kiama argues distinguished the residential entry and criminal trespass offenses, namely, the element of knowingly breaking and entering.

[12] Here, Kiama does not dispute that he broke the plate glass window or that he entered Mutheme's home. Rather, he contends that a serious evidentiary dispute exited regarding his intent in that he argues that he accidentally broke the window, and, thus, did not do so knowingly, as charged in the Information. A person acts "'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). The evidence most favorable to the trial court's determination was that Kiama picked up an object from the front porch which he used to break the picture window. From this evidence, the trial court reasonably concluded that Kiama was aware of a high probability that he was breaking the window.

Although Kiama argued that the glass of the window was weakened by holes such that it shattered when he simply knocked on the glass to alert Mutheme of his presence, there was no credible evidence in the record that there were holes in the plate glass window. Even if there had been, there was other evidence that a hole would have weakened the plate glass so that it was susceptible to shattering. Kiama's claim of accidental breakage was further belied by the fact that he had a previous physical altercation with Mutheme and, after breaking the window, he entered and removed his own property. In addition, Kiama broke through the plastic winterizing sheet behind the plate glass window as he crawled through the window, a breaking which he does not even attempt to argue on appeal was accidental. The trial court's determination that no serious evidentiary dispute existed was justified by the evidence, as viewed in a light most favorable to that determination. *See Leonard*, 80 N.E.3d at 885. The trial court did not abuse its discretion when it refused to give Kiama's proposed criminal trespass instruction. *Id.*

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it refused to give a jury instruction on criminal trespass as a factually-included, lesser offense of residential entry.

Affirmed.

Bailey, J. and Pyle, J. concur